(No. 32704.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CARLYLE DAVIS, Plaintiff in Error.

*Opinion filed May 20, 1953.*

CARLYLE DAVIS, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JAMES P. MOURNING, State's Attorney, of Rushville, (FRED G. LEACH, and HARRY L. PATE, of counsel,) for the People.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Carlyle Davis, was indicted in the circuit court of Schuyler County for the crimes of burglary and larceny. A motion to quash the indictment was overruled. Defendant pleaded not guilty. On October 20, 1949, a motion for continuance was overruled, and on October 24 the case went to trial. A jury found defendant guilty of burglary and larceny. He was sentenced to imprisonment in the penitentiary for a term of not less than five nor more than fifteen years. The judgment was affirmed. (*People* v. *Davis,* 406 Ill. 215.) Thereafter defendant filed a petition under the Post-Conviction Hearing Act, the State's Attorney answered the petition, and an attorney was appointed to represent defendant. Evidence was heard and an order was entered dismissing the petition. We have granted defendant's application for a writ of error.

Defendant's constitutional claims are based upon the due-process guarantees of the Federal and State constitutions and upon section 9 of article II of our constitution. His petition, supported by five affidavits, charges that he was denied the right to counsel of his own choice at the original hearing; that he was forced to proceed to trial four days after he was denied a continuance and, consequently, was represented by an "unwanted" counsel, and that he was denied the right to present a valid defense because of the incompetency of counsel "forced" upon him by the trial court.

Upon its review of the full record in 406 Ill. 215, this court considered at length defendant's contention that the trial judge erred in overruling his motion for a continuance due to the physical condition of one of his attorneys. The question presented was then framed in terms of an abuse of discretion by the trial court in denying the motion. Defendant also made the contention that he did not have a fair and impartial trial. The court decided that the trial

judge did not abuse his discretion in denying the motion for a continuance and that defendant received a fair trial. The allegations of the post-conviction petition all go to the correctness of the denial of defendant's motion for a continuance and to the proposition that he did not receive a fair trial. The Post-Conviction Hearing Act was not intended to be used as a device to obtain another hearing upon a claim of denial of constitutional rights where there has already been a full and final review of the issues raised. The questions now urged were necessarily adjudicated when this court held that denial of the defendant's motion for a continuance did not constitute an abuse of judicial discretion and that he received a fair trial. (*People* v. *Jennings,* 411 Ill. 21; *People* v. *Dale,* 406 Ill. 238.) Describing them now in constitutional terms does not change the character of the questions presented from those previously advanced and decided. *People* v. *Davis,* 406 Ill. 215 is *res judicata* of the contentions now presented.

The judgment of the circuit court of Schuyler County is affirmed.

*Judgment affirmed.*