(No. 35833.— )

VINCENT CIUCCI, SR., Plaintiff in Error, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error.

*Opinion filed Dec. 1, 1960.—Rehearing denied Jan. 18, 1961.*

GEORGE N. LEIGHTON, of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Per CURIAM: Vincent Ciucci, Sr., herein referred to as the defendant, was convicted of murder in the criminal court of Cook County and sentenced to death. This conviction was reviewed by this court on writ of error on a full bill of exceptions and the judgment was affirmed. *People* v. *Ciucci,* 8 Ill.2d 619.

The Supreme Court of the United States granted *certiorari.* In defendant's brief in that court he contended, among other things, that certain newspaper articles which had been published and widely circulated in Cook County before his trial deprived him of a fair and impartial trial and deprived him of due process of law. This contention had not been made by defendant in this court and the newspaper articles in question were not a part of the record in either the trial court or in this court. Since these articles

had not been considered by this court, the United States Supreme Court did not consider them. That court affirmed the judgment, but granted leave to defendant to institute such further proceedings as might be available to him for the purpose of substantiating his claim that he had been deprived of due process. (*Ciucci* v. *Illinois,* 356 U.S. 571, 2 L. ed. 2d 983.) We then entered an order staying defendant's execution so as to afford him an opportunity to proceed under the Post-Conviction Hearing Act, or in such other manner as he might be advised. Thereafter, defendant filed a post-conviction petition in the trial court challenging the validity of his second and third convictions. A hearing was held on the petition and the trial court dismissed the petition at the close of petitioner's evidence. We allowed a writ of error to review the judgment dismissing the post-conviction petition.

Although the post-conviction petition which was filed in the trial court alleged that defendant's constitutional rights had been violated in several respects, the only point which is argued on the present writ of error is that the publication of said newspaper articles deprived him of due process of law and the equal protection of the laws. In order to evaluate this claim it is necessary to summarize the proceedings in these cases at the time of defendant's original trials. He was charged in four separate indictments with the murder of his wife and three children, who were found dead in a burning building with bullet wounds in their heads. Defendant was first tried for the murder of his wife and was found guilty by a jury, who fixed his punishment at 20 years imprisonment. He was next tried for the murder of one of his children and was again found guilty and sentenced to 45 years imprisonment. He was tried a third time for the murder of another child and on this trial he was again found guilty and his punishment was fixed at death. It was this third conviction which was reviewed by this court and the United States Supreme Court. Except for the present post-

conviction proceeding, which challenges the validity of the convictions on both the second and third trials, no attempts have been made by defendant to seek review of the first and second convictions.

It was alleged in the post-conviction petition that immediately after the first trial, the State's Attorney and his assistants issued press releases criticizing the jury for failing to fix the death penalty and announcing that the State would continue to prosecute defendant on the remaining indictments until the death penalty was obtained. It was alleged that these statements by the prosecutors were published in various newspapers having a wide circulation in Chicago. It was alleged that after the second trial, which took place about four months later, the prosecutors released other statements which were published in said newspapers, criticizing the second jury which this time had fixed his punishment at imprisonment for 45 years, and again announcing an intent to keep prosecuting defendant until the death penalty was obtained. It was alleged that defendant was tried about 5 months later for the murder of the second child, resulting in the death penalty being fixed by the jury.

The State filed a motion to dismiss, in which it was urged as to the third conviction, that the judgments of this court and the United States Supreme Court were *res judicata*. The motion to dismiss was denied and the State filed an answer in which it was claimed, as to both the second and third convictions, that defendant had waived his claim of prejudice by failing to raise it in an appropriate manner at the time of his trials. The pleadings upon which the post-conviction case was submitted therefore raised the defenses of *res judicata* and waiver, and in this court the State contends that defendant was not entitled to post-conviction relief because of the application of these doctrines.

The legal principles governing the application of the doctrines of waiver and *res judicata* are well settled. Constitutional rights, like other rights, may be waived, (see, e.g.,

*Bute* v. *Illinois,* 333 U.S. 640 (right to counsel), and *Patton* v. *United States,* 281 U.S. 276, (right to trial by jury), and where a defendant is represented by counsel of his own choice and does not make a timely assertion of a claimed violation of a constitutional right, the claim has been waived. ·(*Jennings* v. *Illinois,* 341 U.S. 947; *People* v. *Jennings,* 411 Ill. 21.) In *Yakus* v. *United States,* 321 U.S. 414, the Supreme Court states that this rule is invariably followed in cases arising from State courts.

With respect to the effect of a review on a writ of error, it has been at times stated that the decision of the reviewing court is *res judicata* as to all questions which were raised or which could have been raised, (*People* v. *Thompson,* 392 Ill. 589,) while at other times it has been held that a defendant has waived any claims which might have been presented on the writ of error but which were not presented. (*People* v. *Johnson,* 15 Ill.2d 244; *People* v. *Kirkrand,* 14 Ill.2d 86.) Whether a decision on a writ of error be *res judicata* or whether the defendant be considered to have waived any claims he could have made is immaterial, because it is clear that, having once obtained a review by a writ of error on a bill of exceptions, a defendant can not thereafter assert any claims which he could have made on that writ of error.

The evidence at the post-conviction hearing showed that upon the second trial, defendant filed a motion for a change of venue from Cook County in which he alleged that he feared that he could not obtain a fair and impartial trial in Cook County because of the prejudicial newspaper articles. The record shows that this motion was filed on July 21, 1954, after all of the members of the jury had been selected. The only allegedly prejudicial newspapers articles which had been published before the second trial were those published in March, 1954, immediately following the first trial. This belated assertion, made 4 months after the publication of the articles, and made only after the jury had been selected

and sworn to hear the second case, was not such a timely assertion as the law requires. In the third trial, no motion for a change of venue was ever made. In both trials, counsel for the defendant examined the prospective jurors with respect to their possible prejudice from the newspaper accounts; in both trials several jurors were excused for cause; but in neither trial did defendant exhaust his peremptory challenges. In neither trial did defendant move for a continuance because of prejudice. In the writ of error from the third trial defendant did not raise any question that he had been prejudiced by the newspaper articles. There is no showing that he was in any way prevented from raising that issue in the third trial, either in the trial court or in this court.

The record clearly shows that the matters now complained of were known to the defendant at the time of the second and third trials. No timely assertion with respect to these claims was ever made in the trial court or in this court. The claims now sought to be made have therefore been waived and the order of the trial court in the post-conviction proceeding was correct and is affirmed.

The clerk of this court is directed to enter an order fixing February 10, 1961, as the date on which the original sentence entered in the criminal court of Cook County shall be executed. A certified copy of the order shall be furnished by the clerk of this court to the sheriff of Cook County.

*Order affirmed.*