(No. 39276.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CLIFTON H. COX, Appellant.

*Opinion filed January 25, 1966.*

MICHAEL F. SHEEHAN, JR., of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. KLEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Clifton H. Cox appeals from an order of the circuit court of Cook County dismissing a petition for post-conviction relief, filed under the provisions of the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1963, chap. 38, pars. 122—1 *et seq.*) Constitutional questions give us jurisdiction of the appeal.

Defendant was convicted of armed robbery and on writ of error sued out of this court, the judgment of conviction was affirmed. (*People* v. *Cox, 22* Ill.2d 534.) Among other things, our opinion rejected the contentions of defendant: (1) That he had been deprived of the right to have counsel of his choice appointed by the court to defend him; (2) that the incompetency of his appointed counsel deprived him of due process of law; and (3) that the trial court erred in admitting into evidence incriminating statements made by co-defendants.

Subsequent to our opinion, defendant filed the petition for post-conviction relief involved in this appeal claiming that he had been deprived of due process of law in several respects. First, because the trial court would not continue the cause until the counsel he desired could appear; second, because the counsel who was appointed and ultimately defended him went to trial without preparation or knowledge of the case; and third, because the trial court received into evidence the incriminating statements of the co-defendants. On motion of the People alleging that the constitutional claims were *res judicata* by virtue of our opinion on the occasion of the writ of error, and that no new or substantial constitutional issues were raised, the trial court dismissed the petition. In our judgment, the order of dismissal was correct.

We have consistently held that the Post-Conviction Hearing Act was not intended to be used as a device to obtain another hearing upon a claim of denial of constitutional rights where there has already been a full review of the issues raised, (*People* v. *Davis,* 415 Ill. 234; *People*

v. *Jennings,* 411 Ill. 21; *Ciucci* v. *People,* 21 Ill.2d 81,) and we believe it obvious here that the questions urged in defendant's petition were necessarily adjudicated when we passed upon his writ of error. This is so, even though the present petition attempts to change the character of the questions previously advanced and decided, by describing them in different constitutional terms.

Our prior opinion held that defendant did not have the right to have a public defender of his choice appointed to defend him, and thus there is no substantial basis for the present claim that the refusal of the trial court to continue the cause until the desired appointment could be made was unfair, or a denial of due process. In like manner, our holding that defendant was competently defended within the requirements of due process necessarily resolves the present claim of a denial of due process because his counsel went to trial unprepared. We held that none of the specific complaints directed to counsel's conduct of the trial could be deemed so prejudicial as to require a reversal of the conviction, and we are not told how further time for preparation would have changed either the conduct of the trial or its outcome.

Finally, our express finding in the prior review that the trial court did not commit prejudicial error in admitting the incriminating statements into evidence is not transformed into a new or different issue by the present claim that their admission constituted a denial of due process of law. (*Cf. People* v. *Davis,* 415 Ill. 234.) Since prejudice did not occur, it cannot be said that due process was denied. Furthermore, a charge that a trial court erroneously admitted evidence does not constitute a denial of constitutional rights, or present a question which will justify a post-conviction hearing. *People* v. *Farley,* 408 Ill. 288, 292; *People* v. *Vitale,* 3 Ill.2d 99, 106.

The order of the circuit court of Cook County is affirmed.

*Order affirmed.*