THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ISIAH LYONS, JR., Defendant-Appellant.

(No. 56949; )

First District—November 29, 1972.

William G. Taffe, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James R. Truschke, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant, Isiah Lyons, Jr., was convicted of murder in a jury trial and was sentenced to imprisonment for a term of 40 to 50 years. Defendant's conviction was affirmed after appeal by the Illinois Supreme Court in *People v. Lyons*, 36 Ill.2d 336, 223 N.E.2d 99. Defendant subsequently filed a petition under the Post-Conviction Hearing Act, alleging that he was incompetently represented by counsel at trial and that the confession that he allegedly made and which was admitted into evidence at trial was forged. Defendant's petition for post-conviction relief was denied by the trial court and defendant appeals.

Defendant's sole contention in his appeal from the denial of his petition is that the signature on the confession admitted at trial which was purported to be his, was in fact forged. Defendant maintains that the use of such confession resulted in his conviction for murder and violated his constitutional rights to due process of law and defendant asks this

court to reverse the trial court's denial of his post-conviction petition.

■■ The Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, pars. 122—1 et seq.), provides a statutory remedy for persons in prison in violation of their constitutional rights. (*People v. Jennings*, 411 Ill.21, 102 N.E.2d 824.) It is not, however, the function of that Act to have claims considered which had been considered upon direct review of the conviction (*Ciucci v. People*, 21 Ill.2d 81, 171 N.E.2d 34; *People v. Davis*, 415 Ill. 234, 112 N.E.2d 484), or which could have been presented on direct review of the conviction. *People v. Armes*, 37 Ill.2d 457, 227 N.E. 2d 745; *People v. Ashley*, 34 Ill.2d 402, 216 N.E.2d 126.

In *People v. Myers*, 46 Ill.2d 270, 263 N.E.2d 113, the Illinois Supreme Court considered the denial of a post-conviction petition by a defendant whose conviction had been affirmed by the Illinois Appellate Court. The defendant argued that an involuntary confession was used at trial and that perjured testimony was used before the grand jury in procuring his indictment. In affirming the denial of his petition, the Supreme Court noted that the trial transcript contained the basis of the objections the defendant sought to raise in his post-conviction petition and held that as they were not raised in defendant's first appeal, they could not be raised in the post-conviction proceedings he sought. The court stated:

> "These contentions arise from the record as it stood on appeal; not having been raised in the appellate court review, the issues are deemed waived. *People v. Kamsler*, 40 Ill.2d 32, 533.
>
> \* \* \*
>
> The post-conviction petition relies exclusively upon this material, and clearly the issue was available on the record before the appellate court. As indicated above, failure to raise it there constitutes a waiver, for the Post-Conviction Hearing Act is not available for review of claims which were or could have been presented on the direct review of the conviction. *People v. Thomas*, 38 Ill.2d 321, 323; *People v. Armes*, 37 Ill.2d 457; *People v. Ashley*, 34 Ill.2d 402."

■■ Examination of the record in the instant case reveals that defendant should have been and in fact was aware of the possibility of raising an objection to his confession on the basis that was forged. Defendant's failure to raise that issue on his first appeal does not now allow him to raise it in a post-conviction petition.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.