(No. 71955.—■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DENNIS EMERSON, Appellant.

*Opinion filed November 19, 1992.*

Prentice H. Marshall, Jr., Barbara M. DeCoster and
Linton J. Childs, of Sidley & Austin, of Chicago (Andrew

R. Klein, of Birmingham, Alabama, of counsel), for appellant.

Roland W. Burris, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Renee Goldfarb and Margaret M. Regan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MORAN delivered the opinion of the court:

The defendant, Dennis Emerson, appeals from an order of the circuit court of Cook County, dismissing, without an evidentiary hearing, his petition for post-conviction relief. Because the defendant was sentenced to death, the present appeal lies directly to this court. (134 Ill. 2d R. 651(a).) We affirm the judgment of the circuit court.

The defendant's convictions stem from his participation in the armed robbery and murder of Delinda Byrd, and the armed robbery and attempted murder of Robert Ray. The incriminating evidence against the defendant was largely provided by Robert Ray, co-owner and operator of the Centaur Lounge, located in Chicago. Ray testified that in the early morning of August 13, 1979, defendant and his brother, Richard Jackson, arrived at his lounge. After Ray had let them in, the three sat down and talked in Ray's apartment, which was connected to the lounge. After Ray's girlfriend, Delinda Byrd, appeared, defendant unexpectedly stood up, pulled out a gun, and ordered Ray and Byrd to lie down on the floor. After defendant bound them both, he robbed them of their money, jewelry, guns and business proceeds. Subsequently, defendant proceeded to stab Ray and Byrd repeatedly with a half pair of scissors. Defendant then started a fire in the bedroom, and threw both Ray and Byrd into the burning room, securing the door shut from

the outside with a clothes hanger. Ray eventually escaped; however, Byrd died from a loss of blood, attributable to the stab wounds. A more thorough review of the facts of this case, which is unnecessary for our purposes here, can be found in *People v. Emerson* (1987), 122 Ill. 2d 411.

Defendant's first trial resulted in a guilty verdict on October 6, 1980, but on appeal, his convictions were reversed. The cause was remanded to the trial court as a result of improper comments made by the assistant State's Attorney during trial and improperly admitted testimony, both errors which deprived defendant of a fair trial. (*People v. Emerson* (1983), 97 Ill. 2d 487 (hereinafter *Emerson I*).) On remand, defendant was again convicted in a jury trial of one count each of murder, attempted murder, and aggravated arson; and of two counts of armed robbery. The jury found that the defendant was eligible for the death penalty and that there were no mitigating factors sufficient to preclude the imposition of death. The circuit court then imposed the death sentence on defendant.

Subsequently, this court reversed defendant's conviction on the aggravated arson count, but affirmed all of the other counts, including the death sentence. (*People v. Emerson* (1987), 122 Ill. 2d 411 (hereinafter *Emerson II*).) After the United States Supreme Court denied defendant's petition for writ of *certiorari* (*Emerson v. Illinois* (1988), 488 U.S. 900, 102 L. Ed. 2d 235, 109 S. Ct. 246), he instituted the present action under the Post-Conviction Hearing Act (the Act) (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*) by filing a *pro se* petition for post-conviction relief on March 2, 1989. The State immediately moved to dismiss the petition. Subsequently, through present counsel, the defendant filed a supplemental petition. On March 1, 1991, the circuit court granted the State's motion to dismiss defendant's peti-

tion without an evidentiary hearing, relying on the doctrine of *res judicata*.

In his present appeal, the defendant asks that, as a result of the deprivation of his constitutional rights, he be granted a new trial, or in the alternative, either a new sentencing hearing, or discovery and an evidentiary hearing on the claims raised in his post-conviction petitions. We find that the sole issue for our consideration is whether the trial court erred in dismissing defendant's petition for post-conviction relief.

The principal constitutional claim underlying the defendant's petition for post-conviction relief, and now presented for our review, is that he was denied the effective assistance of counsel during both the guilt and sentencing phase of his trial. In addition, the defendant raises a number of challenges to the constitutionality of the Illinois death penalty statute (Ill. Rev. Stat. 1987, ch. 38, par. 9—1). The State, however, argues that we should affirm the trial court by finding that further consideration of these issues has been barred by the doctrines of *res judicata* and waiver.

In support of his claim, defendant argues that "fundamental fairness" requires that this court consider his claims at this time. He points out that Illinois courts have articulated several specific exceptions to the application of *res judicata* to post-conviction claims, including an exception for claims supported by facts that were not before the reviewing court on direct appeal.

In his post-conviction petition, defendant alleged, with regard to the *guilt* phase of the trial, that his attorney (1) failed to interview defendant before trial; (2) failed to develop a meaningful and consistent theory of defense, as demonstrated by his failure to make an opening statement, to investigate and call witnesses, to conduct effective cross-examinations, and to object to improper cross-examination by the prosecution; (3)

committed errors during closing argument, such as conceding defendant's guilt, and failing to object to improper comments made by the prosecution; and (4) openly expressed his antagonism toward defendant throughout the trial. With regard to the *sentencing* phase of his trial, defendant alleged that his attorney: (1) did not adequately prepare; (2) failed to describe this segment of the trial to the defendant; (3) did not ask defendant if any witnesses could testify on his behalf; (4) conducted no investigation concerning defendant's background; (5) failed to offer any evidence in mitigation; and (6) made no opening or closing arguments.

Moreover, he maintained that the facts surrounding his attorney's deficiencies were outside the record on direct appeal to this court. For example, the best evidence in support of his ineffectiveness claim is testimony and argument from defendant's *first* trial, where he alleged that he had been represented by counsel whose conduct was consistent with constitutional standards. Since the testimony and argument from the first trial were not before this court on direct appeal of defendant's *second* trial, defendant now argues that his claim here falls within the *res judicata* exception for evidence not presented to the court on direct appeal.

Finally, defendant contended that the death penalty statute is unconstitutional since: (1) it leads to the arbitrary and capricious imposition of the death penalty; (2) it fails to require pretrial notice that the State is seeking the death penalty, which violates the due process clauses of the Illinois and United States Constitutions; and (3) it places the burden on the defendant to prove the existence of mitigating factors sufficient to preclude imposition of the death penalty.

The purpose of a post-conviction petition was previously articulated by our court in *People v. Ruiz* (1989), 132 Ill. 2d 1, as follows:

106

"An action for post-conviction relief represents a collateral attack on a prior judgment; it is not an appeal from the underlying conviction and sentence. [Citations.] To be entitled to post-conviction relief, a defendant must establish a substantial deprivation of Federal or State constitutional rights in the proceedings that produced the judgment under attack [citation]. *Rulings on issues that were previously raised at trial and on direct appeal are res judicata, and issues that could have been raised in the original proceedings, but were not, will be deemed waived.*" (Emphasis added.) (*Ruiz*, 132 Ill. 2d at 9.)

Further, there is no entitlement to an evidentiary hearing on a post-conviction petition unless the allegations of defendant make a substantial showing that the defendant's rights have been violated. *People v. Spreitzer* (1991), 143 Ill. 2d 210, 218.

In response to the defendant's petition, the trial court found that his arguments had been previously raised and decided in *Emerson II*. Therefore, it held that the doctrine of *res judicata* applied, and that these issues were barred from further consideration.

The defendant argues that *res judicata* should not apply here because the instant claims are distinguishable from the ones raised on appeal. However, while his ineffectiveness claim does vary, it does so only in that it points out a few additional factors supporting his claim which could have been raised on direct appeal, and he has simply changed the phraseology of some other arguments, which were raised on direct appeal.

"[T]he Post-Conviction Hearing Act was not intended to be used as a device to obtain another hearing upon a claim of denial of constitutional rights where there has already been a full review of the issues raised ***. This is so, even though the present petition attempts to change the character of the questions previously advanced and decided, by describing them in different constitutional terms." (*People v. Cox* (1966), 34 Ill. 2d 66, 67-68.)

Because this court previously addressed defendant's claim of ineffective assistance of counsel on direct review of his case, the subsequent addition of different allegations of incompetence does not allow the relitigation of this issue on defendant's petition for post-conviction relief. *People v. Albanese* (1988), 125 Ill. 2d 100, 105.

Additionally, we find that the defendant's allegations calling into question the constitutionality of the Illinois death penalty statute do not warrant our review. On direct appeal, this court considered and rejected numerous constitutional challenges to this statute. (*Emerson II*, 122 Ill. 2d at 441-43.) Defendant's post-conviction petition initially argues that the statute is unconstitutional because it grants prosecutors unbridled discretion in whether to seek the death penalty, thereby leading to the arbitrary or capricious imposition of the death penalty. This argument was raised and decided by this court on direct appeal (*Emerson II*, 122 Ill. 2d at 441); therefore, further consideration is barred by the doctrine of *res judicata*. Defendant's other constitutional challenges to the statute are, first, that the lack of pretrial notice that the State will seek the death penalty violates the due process clause of the Illinois and United States Constitutions, and second, that the statute unconstitutionally places the burden on the defendant to prove the existence of mitigating factors sufficient to preclude imposition of the death penalty. Both of these challenges are waived, as the defendant fails to provide a valid reason as to why they could not have been raised on direct appeal. Furthermore, fundamental fairness does not require that we reanalyze this issue, as all of these arguments challenging the constitutionality of this statute have been raised and rejected by our court numerous times before (see *People v. Maxwell* (1992), 148 Ill. 2d

116, 149-50), and defendant fails to provide us with any new reasons for this court to reconsider its position.

In a proper case, where fundamental fairness so requires, strict application of the doctrine of *res judicata* may be relaxed. (*People v. Gaines* (1984), 105 Ill. 2d 79, 91.) However, we do not believe that relaxation is warranted with regard to defendant's ineffective-assistance-of-counsel claim. His attempt to circumvent the doctrine of *res judicata* and waiver by making the record of proceedings from defendant's first trial now part of the post-conviction record encourages the court to make a comparative analysis between the representation in defendant's first trial and that in his second trial. However, counsel's performance must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" (*Strickland v. Washington* (1984), 466 U.S. 668, 690, 80 L. Ed. 2d 674, 695, 104 S. Ct. 2052, 2066), and not by comparing counsel's performance to another attorney's performance in another specified trial.

In reviewing the record, we conclude that all of the issues raised by defendant in his petition were previously raised during his direct appeal or, alternatively, could have been raised. Further, we find that none of the exceptions to the doctrine of *res judicata* is applicable here. Since the Act permits summary dismissals of non-meritorious petitions without an evidentiary hearing (*People v. James* (1986), 111 Ill. 2d 283, 292), and because we find that the defendant did not present any claim which was not barred by the doctrine of *res judicata* or waiver, we hold that the trial court's decision was not erroneous.

For the reasons stated herein, the trial court's dismissal of defendant's post-conviction petition is affirmed. The clerk of this court is directed to enter an order fixing Wednesday, March 17, 1993, as the date on which the

sentence of death entered in the circuit court of Cook County is to be executed. The defendant shall be executed by lethal injection in the manner provided by section 119—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 119—5). A certified copy of the mandate in this case shall be furnished by the clerk of this court to the Director of Corrections, to the warden of Stateville Correctional Center, and to the warden of the institution at which defendant is confined.

*Affirmed.*