**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted March 30, 2005*
Decided April 5, 2005

Before

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** RICHARD A. POSNER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

|  |  |  |  |
|---|---|---|---|
| JESSE BRADLEY, *Petitioner-Appellant*, | | | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| **No.** 04-3882 | **v.** | | |
| NEDRA CHANDLER, Warden, *Respondent-Appellee*. | | | No. 99 C 1785 Joan B. Gottschall, *Judge*. |

**Order**

Following his conviction for murder, Jesse Bradley raised a single contention on direct appeal: that his trial lawyer had furnished ineffective assistance of counsel.** The state's appellate court rejected that contention, and Bradley did not petition for review by the Supreme Court of Illinois. He did, however, file a collateral attack, once again contending that trial counsel had been constitutionally deficient. After that contention was rejected on the ground that the first decision was conclusive,

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

** The judgment of conviction and all opinions of the state judiciary give Bradley's first name as "Jessie." Bradley himself spells his first name "Jesse," and we use that spelling.

Bradley filed a petition in federal court under 28 U.S.C. §2254. The district judge denied the petition on the merits, concluding that counsel's choices were defensible.

The first question on Bradley's appeal is whether his constitutional arguments have been preserved for decision. We hold that they have not. Bradley presents two challenges to trial counsel's conduct. Each has been defaulted, though for different reasons.

Bradley first contends that counsel failed to call his mother as an alibi witness. This was one of the supposed deficiencies that was raised on direct appeal. To preserve this contention for federal review, he had to present it to the Supreme Court of Illinois as well as to the state's intermediate appellate court. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Because Bradley did not seek review by the state's highest court, he has defaulted this claim.

His second complaint about counsel's performance—that counsel withdrew a motion to suppress the results of a lineup—was not presented on direct appeal at all. Normally objections to trial counsel's performance may be reserved for collateral review. But Illinois follows the rule that, if a claim of ineffective assistance is made, it must be complete; the defendant may not allege some shortcomings on direct appeal and then trot out a different batch on collateral review. See *People v. Emerson*, 153 Ill. 2d 100, 107, 606 N.E.2d 1123, 1126 (1992). (The federal system follows the same approach. See, e.g., *Davis v. United States*, 417 U.S. 333, 342 (1974); *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991).)

Thus by withholding the lineup argument on direct appeal, when other challenges to counsel's efforts were presented, Bradley forfeited the point. He does not contend that this line of argument was unavailable at the time of direct appeal; it was simply not made. (Bradley well knew that the motion had been withdrawn, and in open court he assured the judge that the withdrawal was with his consent for tactical reasons.) And because the point was not made at all on direct appeal, it likewise was not presented to the Supreme Court of Illinois when it could and should have been. The state's default rule is an independent and adequate state ground that forecloses federal collateral review.

The default cannot be evaded by contending that appellate counsel was ineffective in his turn; that would eviscerate *O'Sullivan* by negating the requirement of full presentation to the state judiciary. Bradley does not contend that he asked counsel to file a petition for review by the Supreme Court of Illinois and that he refused or failed to carry through; for all this record shows, the decision not to seek further review was mutual. An attack on the omission of the lineup argument from the direct appeal would be especially weak given Bradley's consent to the motion's withdrawal. What real error was there to argue about? Even now Bradley does not contend that his consent had been induced by poor advice; instead he ignores his role in that decision. Moreover, the adequacy of counsel's performance cannot be evaluated by looking at a single potential contention. What good arguments were available but omitted on the direct appeal? Bradley does not suggest any.

Affirmed