2025 IL App (1st) 231601-U

SECOND DIVISION
August 26, 2025

No. 1-23-1601

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of Cook County |
| Respondent-Appellee, | ) | |
| | ) | No. 13 CR 19440 |
| v. | ) | |
| | ) | Honorable |
| CHRISTOPHER WEST, | ) | Maria Kuriakos-Ciesel, |
| | ) | Judge Presiding |
| Petitioner-Appellant. | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Howse concurred with the judgment.

**ORDER**

¶ 1     *Held*:   Affirmed. Section 2-1401 petition properly dismissed as barred by *res judicata* or forfeiture.

¶ 2     A jury found petitioner Christopher West guilty of first-degree murder for shooting Anthony Curtis in south Chicago in December 2008. Curtis had been shot multiple times, including once right beneath the top of his head at close range. Although the case went cold, it heated up when West, in prison on an unrelated charge, confessed to killing Curtis to a jailhouse informant who was wearing a recording device. A detailed retelling of the crime and investigation is in the order affirming his conviction and sentence on direct appeal. *People v. West*, 2022 IL App (1st) 172823-U. Most of it is not relevant to this appeal.

¶ 3     At the time of the murder, West was 17 years old. After an extensive sentencing hearing where West presented significant mitigation evidence, the trial court sentenced him to 40 years in prison. Because West was convicted of first-degree murder, Illinois's truth-in-sentencing law requires him to serve 100 percent of his sentence. See 730 ILCS 5/3-6-3(a)(2)(ii) (West 2016).

¶ 4     On direct appeal, West challenged his conviction and sentence in many ways. *West*, 2022 IL App (1st) 172823-U, ¶¶ 58-96. Among them, he claimed his sentence violated the proportionate-penalties clause of our state constitution because the court imposed a "near *de-facto* life sentence" of 40 years without considering his youth and its attendant characteristics. *West*, 2022 IL App (1st) 172823-U ¶ 80; see Ill. Const. 1970, art. I, § 11. We disagreed, holding that West received a comprehensive sentencing hearing during which the trial court more than adequately considered those characteristics. *Id.* In his proportionate-penalties claim on direct appeal, West did not reference the truth-in-sentencing law.

¶ 5     On June 1, 2023, West filed a *pro se* petition for relief from judgment under section 2-1401. See 735 ILCS 5/2-1401 (West 2022). He alleged that the truth-in-sentencing statutory scheme that requires him to serve 100 percent of his sentence was unconstitutional as applied to him; it violates the proportionate-penalties clause of our state constitution, he claimed, in failing to distinguish adults from juveniles and their rehabilitative potential.

¶ 6     The circuit court dismissed the petition. Though the trial court addressed the merits of West's claim, the court first concluded that the petition was untimely, and that any proportionate-penalties claim was barred by *res judicata* or waiver because West made a similar challenge on direct appeal. As the court disposed of this petition on questions of law, our review is *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 12 (2007).

¶ 7     We agree with the circuit court that this action is barred by *res judicata* or, failing that,

forfeiture. " 'Rulings on issues that were previously raised at trial and on direct appeal are *res judicata*, and issues that could have been raised in the original proceedings, but were not, will be deemed waived.' " *People v. Emerson*, 153 Ill. 2d 100, 106 (1992) (quoting *People v. Ruiz*, 132 Ill. 2d 1, 9 (1989)). The supreme court has since clarified that the failure to raise an argument that could have been raised is more aptly deemed forfeiture, not waiver, so we use that term. See *People v. Blair*, 215 Ill. 2d 427, 444 (2005). These procedural bars apply equally to postconviction petitions and those brought under section 2-1401. See *People v. Thompson*, 2015 IL 118151, ¶ 39 (petitioner's section 2-1401 claim of unconstitutional sentence was forfeited).

¶ 8    Start with *res judicata*. On collateral review, a petitioner "may not avoid the bar of *res judicata* simply by rephrasing issues previously addressed on direct appeal." *People v. Williams*, 186 Ill. 2d 55, 62-64 (1999). On direct appeal, West claimed his sentence was disproportionately long in light of his youth and attendant characteristics. The truth-in-sentencing statute—the fact that he must serve every day of that sentence—was already baked into that length.

¶ 9    We did not assume a discount for good time served in our decision; we premised our holding on the fact that West would serve a full 40 years in prison and even compared his sentence, at his urging, to another defendant's identical sentence. See *West*, 2022 IL App (1st) 172823-U, ¶¶ 87, 89. West cannot recast his challenge to the 40-year sentence as an attack on one of the statutes that made him serve it and pretend that it's a different argument.

¶ 10    In any event, even if *res judicata* did not bar this claim, forfeiture would. See *Emerson*, 153 Ill. 2d at 106; *Ruiz*, 132 Ill. 2d at 9. In *Emerson*, 153 Ill. 2d at 107, the petitioner argued on direct appeal that the death-penalty statute was unconstitutional in granting prosecutors unbridled discretion to seek the death penalty. On collateral review, he argued other constitutional challenges to the statute—that the lack of sufficient pretrial notice violated due process, and that

the statute unconstitutionally placed the burden on him to prove the existence of mitigating factors to avoid the death penalty. *Id*. The supreme court found these challenges waived—or, in current parlance, forfeited—as the petitioner "fail[ed] to provide a valid reason as to why they could not have been raised on direct appeal." *Id*.

¶ 11    So too here. The argument West makes here about the truth-in-sentencing statute is inherently intertwined with the 40-year length of his sentence, which he already challenged. If this argument is indeed separate at all from the one he made on direct appeal—and thus not barred by *res judicata*—then he could have and should have raised it on direct appeal. His claims here are thus forfeited. Either way, the circuit court correctly dismissed the petition.

¶ 12    Affirmed.