THE PEOPLE *ex rel.* RICHARD M. DALEY, State's Attorney, Petitioner, v. HONORABLE THOMAS R. FITZGERALD, Judge, *et al.*, Respondents.

*Opinion filed June 20, 1988.*

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., and Joan E. Disis, Assistant State's Attorneys, of counsel), for petitioner.

Jerold S. Solovy, William P. Suriano and Robert W. Kent, Jr., of Jenner & Block, of Chicago, for respondents.

JUSTICE MILLER delivered the opinion of the court:

The petitioner, Richard M. Daley, the State's Attorney of Cook County, has brought this original action seeking a writ of *mandamus* or prohibition or, in the alternative, a supervisory order to compel the respondent, Judge Thomas R. Fitzgerald, to vacate certain orders entered by him on January 29, 1987, and February 9, 1987.

The orders complained of were entered with respect to an action initiated under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, pars. 122—1 through 122—8) by Larry E. Davis in the circuit court of Cook County. After Davis filed the post-conviction petition, his

attorney caused subpoenas to be issued for the taking of the discovery depositions of a number of persons who were involved in the original criminal proceeding. Notices of those depositions were given to the State's Attorney, and, after one deposition had been taken, the State moved to quash the remaining subpoenas. Judge Fitzgerald denied the State's motion on January 29, 1987, ruling that the discovery procedures applicable to civil cases applied as well to post-conviction proceedings and that the State had failed to show cause to quash the subpoenas.

The State requested reconsideration of that ruling, and on February 9, 1987, the matter again was presented to Judge Fitzgerald. At the conclusion of the second hearing, Judge Fitzgerald ruled that the taking of discovery depositions in a post-conviction proceeding was discretionary. The trial judge granted defendant Davis leave to take the depositions of two other witnesses who had been subpoenaed and allowed the State's motion to quash the subpoenas for the remaining witnesses.

Following the second ruling, the State filed a motion in this court for leave to file the instant complaint for a writ of *mandamus* or prohibition or, in the alternative, for a supervisory order to compel Judge Fitzgerald to vacate the January 29 and February 9, 1987, orders. (107 Ill. 2d Rules 381, 383.) We allowed the State's motion, and we now consider whether any relief should issue.

The State contends that the trial judge exceeded his authority in ordering the taking of the two discovery depositions in this case. The State believes that a trial judge may authorize the taking of evidence depositions, but not discovery depositions, in a post-conviction proceeding, and that evidence depositions may be permitted only when the unavailability requirements of Supreme Court Rule 414(a) have been satisfied (107 Ill. 2d R.

414(a)). In support of that view, the State relies on section 122–6 of the Post-Conviction Hearing Act, which provides that a trial court, in disposing of a post-conviction petition, "may receive proof by affidavits, depositions, oral testimony, or other evidence" (Ill. Rev. Stat. 1985, ch. 38, par. 122–6). Citing *People v. Rose* (1971), 48 Ill. 2d 300, the State believes that this court has construed the provision in section 122–6 as barring the taking of discovery depositions in post-conviction proceedings.

For the reasons set out below, we conclude that the taking of discovery depositions in post-conviction proceedings is not a matter governed by our rules respecting discovery in criminal or civil actions and that the trial judge in this case acted within his inherent authority in permitting the discovery depositions to be taken.

The Post-Conviction Hearing Act is silent on the availability of discovery depositions in actions brought under that statute. (*Cf.* 28 U.S.C. §§2254, 2255 (allowing discovery in Federal *habeas corpus* actions under rule 6 of each provision); 11 U.L.A. 237 (1987 Supp.) (section 8 of Uniform Post-Conviction Procedure Act (1980) authorizes court to allow discovery in post-conviction proceeding).) In *People v. Rose* (1971), 48 Ill. 2d 300, the post-conviction petitioners had attempted to take discovery depositions of the circuit judge, bailiff, and prosecutor who were involved in the original trial. Those persons did not appear for the scheduled depositions, however, and the petitioners moved for an order to compel the witnesses' attendance. The motion was denied. Following a hearing, the post-conviction petition was also denied. The petitioners appealed, citing the provision in section 122–6 of the Post-Conviction Hearing Act concerning depositions, in support of their argument that the trial judge had erred in refusing to compel the wit-

nesses to appear for the depositions. This court rejected the argument, saying:

"In our opinion section 6 of the Post-Conviction Hearing Act contemplates the use of evidence depositions and does not refer to discovery depositions. As with many orders for discovery and the imposition of sanctions for failure to comply therewith, the trial court's refusal to order the witnesses to appear for deposition was an exercise of the court's discretionary powers and its decision should not be reversed unless there has been an abuse of discretion. The witnesses appeared, testified and were cross-examined at length. Under the circumstances shown in this record, the refusal to order the witnesses to appear for deposition was not an abuse of discretion." *Rose*, 48 Ill. 2d at 302.

Contrary to the State's argument here, we do not interpret *Rose* as holding that the Post-Conviction Hearing Act permits the taking of evidence depositions only and bars the taking of discovery depositions. *Rose* simply held that the reference to depositions in section 122—6 of the Act pertained only to evidence depositions; the court did not hold that discovery depositions could never be available in a post-conviction proceeding. Moreover, the court in *Rose* ruled that the trial judge had acted within his discretion in refusing to order the witnesses to attend the discovery depositions, and the court did not say that such an order would have been beyond the trial judge's authority. Clearly, that suggests that the trial judge had discretion to exercise and, as an exercise of inherent authority, could have ordered the witnesses to appear for the discovery depositions.

This court has promulgated rules regulating discovery both in civil and in criminal actions. (See 107 Ill. 2d Rules 201 through 222 (civil discovery); Rules 411 through 415 (criminal discovery).) We do not believe, however, that either set of rules pertains to actions brought under the Post-Conviction Hearing Act.

In describing the nature of actions brought under the Post-Conviction Hearing Act, this court has said that the proceeding is "civil in character *** even though the judgment to which it is directed was entered in a criminal case." (*People v. Bernatowicz* (1952), 413 Ill. 181, 184.) The remedy provided by the Act "does not fall strictly into the category of either a criminal or civil proceeding" (*People v. Wilson* (1967), 37 Ill. 2d 617, 619), and thus it may be said that the "Post-Conviction Hearing Act is *sui generis*" (*People v. Clements* (1967), 38 Ill. 2d 213, 216).

Because proceedings conducted under the Post-Conviction Hearing Act are *sui generis*, our rules governing discovery in civil cases (see 107 Ill. 2d Rules 201 through 222) do not apply to those proceedings. Of relevance here is *People ex rel. Hanrahan v. Felt* (1971), 48 Ill. 2d 171. In *Felt*, the court found it inappropriate to make the civil discovery rules automatically applicable to proceedings conducted under the Juvenile Court Act (Ill. Rev. Stat. 1969, ch. 37, pars. 701—1 through 708—4). Although acknowledging the civil nature of juvenile proceedings, the court in *Felt* also noted the differences between a delinquency proceeding and the ordinary civil action. In declining to adopt for use in juvenile cases the full panoply of civil discovery rules, the court concluded: "We can foresee situations in which the danger inherent in a particular attempt at discovery might outweigh any benefit that could be received, and we hold, therefore, that although a delinquency proceeding is civil in nature, it is sufficiently distinct from other civil actions to make inappropriate the automatic application of discovery provisions applicable to civil cases." (48 Ill. 2d at 175.) The court did not prohibit, however, application of the civil discovery provisions to delinquency proceedings. Rather, *Felt* held that a trial judge could permit discovery under those provisions as a matter of discretion.

There are a number of distinctions between the ordinary civil proceeding and an action brought under the Post-Conviction Hearing Act. By its nature, a post-conviction proceeding is an attack on a criminal conviction; the Post-Conviction Hearing Act provides a forum for the litigation of constitutional claims that were not presented in the original proceedings. Thus, the range of issues in a post-conviction proceeding is relatively narrow, and discovery requirements are correspondingly limited. The application of civil discovery rules to post-conviction proceedings would only invite, at least in the discovery stages, the relitigation of matters that were conclusively determined in the original proceedings in the trial court and on appeal. For those reasons, the civil discovery rules have no application to post-conviction proceedings.

With respect to the scope of our rules concerning discovery in criminal cases (see 107 Ill. 2d Rules 411 through 415), we note that their application is limited to felony proceedings. Rule 411 provides, "These rules shall be applied in all criminal cases wherein the accused is charged with an offense for which, upon conviction, he might be imprisoned in the penitentiary." (107 Ill. 2d R. 411.) Thus, the rules apply only to prosecutions for felonies (see *People v. DeWitt* (1979), 78 Ill. 2d 82, 86 (criminal discovery rules limited to felony prosecutions and therefore not available as of right to defendant in probation revocation proceeding)) and therefore do not pertain to post-conviction proceedings. Moreover, the rules also have what may be termed a dormant preemptive effect with respect to criminal matters not specifically addressed in them. Thus, the promulgation by this court of rules governing discovery for felonies was held to preclude the circuit courts from exercising their inherent authority to compel discovery in proceedings involving misdemeanors. (See *People v. Williams* (1981), 87 Ill. 2d 161; *People v. Schmidt* (1974), 56 Ill. 2d 572.) As we

have noted, however, post-conviction proceedings may be regarded as civil in nature, and we do not believe that the absence from the criminal discovery rules of any reference to post-conviction matters was intended to eliminate the inherent authority of the circuit courts in that regard.

As we have seen, the Post-Conviction Hearing Act does not provide for the taking of discovery depositions in post-conviction proceedings. Moreover, neither the civil discovery rules nor the criminal discovery rules apply to those proceedings. Neither authorized nor prohibited by rule or statute, the discovery order entered here was, we believe, within the trial judge's inherent authority. In *Felt*, this court held that although the discovery provisions applicable to civil cases do not automatically apply to juvenile proceedings, a trial judge has the discretion to order discovery in juvenile cases after considering any possible adverse effects in doing so. In *Rose*, the court recognized by implication the inherent authority of a trial judge to allow the taking of discovery depositions in post-conviction proceedings. For those reasons, we conclude that, in the absence of a rule of this court regarding discovery in post-conviction proceedings or a statute to the contrary, a trial judge, on application of a party, may authorize the taking of discovery depositions in post-conviction proceedings.

Because post-conviction proceedings afford only limited review, and because there would exist in those proceedings a potential for abuse of the discovery process, we caution that a circuit judge should exercise the inherent authority to allow the taking of discovery depositions only after a hearing, on motion of a party, for good cause shown. In deciding whether to permit the taking of a discovery deposition, the circuit judge should consider, among other relevant circumstances, the issues presented in the post-conviction petition, the scope of

the discovery sought, the length of time between the conviction and the post-conviction proceeding, the burden that the deposition would impose on the opposing party and on the witness, and the availability of the desired evidence through other sources.

Because Judge Fitzgerald made relevant inquiry into the purposes for which the two depositions were to be taken and exercised his discretion in allowing those depositions while denying the others, we will not interfere here with his decision. Accordingly, the complaint for a writ of *mandamus* or prohibition or, in the alternative, for a supervisory order is denied.

*Writs denied.*