# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Pinkston*, 2013 IL App (4th) 111147

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDREW PINKSTON, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-1147 |
| Filed | April 30, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendant's motion for discovery in his postconviction proceedings based on the erroneous belief that discovery was not allowed in postconviction proceedings was remanded for the limited purpose of allowing the trial court to exercise its discretion on defendant's request, since a trial court has inherent authority to order discovery in postconviction proceedings following a hearing for "good cause shown." |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 06-CF-931; the Hon. Scott Drazewski, Judge, presiding. |
| Judgment | Cause remanded with directions. |

Counsel on Appeal

Michael J. Pelletier, of State Appellate Defender's Office, of Springfield, and Rita M. Anderson and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Jason Chambers, State's Attorney, of Bloomington (Patrick Delfino, Robert J. Biderman, and Luke McNeill, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE KNECHT delivered the judgment of the court, with opinion.

Presiding Justice Steigmann and Justice Holder White concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant was convicted of two counts of unlawful delivery of a controlled substance and sentenced to concurrent 11-year prison terms. This court affirmed defendant's convictions and sentences. In February 2009, defendant filed a *pro se* postconviction petition. In September 2010, defendant filed a motion for discovery. In May 2011, the trial court denied defendant's motion for discovery based on the belief discovery was not allowed in postconviction proceedings. In December 2011, an evidentiary hearing was held on defendant's remaining postconviction claim of ineffective assistance of trial counsel. Because defendant failed to present any evidence at the hearing, the trial court dismissed his postconviction petition.

¶ 2    Defendant appeals, arguing the trial court abused its discretion when it denied his discovery request because it failed to recognize it had the discretion to grant defendant's request for discovery. We remand for the limited purpose of allowing the trial court to exercise its discretion on defendant's discovery request and for such further proceedings as may be warranted.

¶ 3                            I. BACKGROUND

¶ 4    Following a December 2006 jury trial, defendant, Andrew Pinkston, was convicted of two counts of unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2006)). In January 2007, defendant was sentenced to concurrent 11-year terms of imprisonment. This court affirmed defendant's convictions and sentences on direct appeal. *People v. Pinkston*, No. 4-07-0399 (Aug. 14, 2008) (unpublished order under Supreme Court Rule 23).

¶ 5    In February 2009, defendant filed a *pro se* postconviction petition, raising multiple

claims, including that the State improperly withheld discovery information relating to payments made to an informant, the State's key witness, in his case. During a March 2010 hearing on the State's motion to dismiss defendant's postconviction petition, the court dismissed all but one of defendant's claims on the grounds they were either meritless, forfeited, or barred by *res judicata*. The only issue allowed to proceed to a third-stage evidentiary hearing concerned whether trial counsel was ineffective for failing to investigate or call key witnesses who had exonerating information to support defendant's claim of innocence.

¶ 6        In September 2010, defendant filed a motion for discovery. The discovery motion contained numerous requests, including a request for the Bloomington police department and the Illinois State Police to disclose any reports made by the State's witnesses, as well as any promises, rewards, or threats made by the State to any witnesses. Additionally, the motion requested the records of all other proceedings or trials the State's witnesses had participated in, any records of their drug or alcohol treatment, records of any funds paid to the witnesses, exculpatory information, records of any substance testing done on the witnesses, and any other material pertaining to defendant's case.

¶ 7        During a May 2011 hearing, the trial court denied defendant's motion for discovery, informing defendant "There's no discovery that is contemplated in a post-conviction petition." When defendant asked the court to repeat itself, the court responded, "Discovery is not available in a post-conviction petition." Defendant repeated the statement as a query to the court, asking, "Discovery is not available in a post-conviction petition?" The court responded, "Correct." The court later reiterated, "As I've already said, there is no discovery process that is contemplated or provided for in the Post-Conviction Act." Defendant stated he understood the court's ruling, but "hate[d] to make a claim without having proof of the facts." The court again reiterated discovery is "not provided for by way of the statute."

¶ 8        During a December 2011 evidentiary hearing on his postconviction issue, defendant informed the trial court he was not ready to proceed and sought a continuance. The court denied defendant's request. Because defendant failed to examine either of his attorneys who were present at the hearing or present any other evidence, the State sought a directed judgment, which the court granted.

¶ 9        This appeal followed.


¶ 10                                                 II. ANALYSIS

¶ 11        On appeal, defendant argues the trial court abused its discretion when it denied his discovery request because it failed to recognize it had the discretion to grant defendant's request for discovery, an error he asserts requires this court to remand for further proceedings so the court can properly exercise its discretion.

¶ 12        Initially, we note discovery orders are not appealable under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) or Rule 304 (eff. Feb. 26, 2010) and are typically reviewed only on appeal from a final judgment. *Kraima v. Ausman*, 365 Ill. App. 3d 530, 533, 850 N.E.2d 840, 844 (2006). Defendant was precluded from appealing the trial court's denial of his discovery request prior to the court's dismissal of his postconviction petition.

¶ 13 Our supreme court has held the circuit court has inherent authority to order discovery in postconviction proceedings following a hearing for "good cause shown." *People ex rel. Daley v. Fitzgerald*, 123 Ill. 2d 175, 183, 526 N.E.2d 131, 135 (1988); *People v. Fair*, 193 Ill. 2d 256, 264-65, 738 N.E.2d 500, 504 (2000). Because of the possibility for abuse of the discovery process in postconviction petitions, circuit courts must exercise discretion in granting or denying discovery requests. *Daley*, 123 Ill. 2d at 183, 625 N.E.2d at 135; *Fair*, 193 Ill. 2d at 264, 738 N.E.2d at 504. Discovery should be allowed when "the defendant has shown 'good cause,' considering the issues presented in the petition, the scope of the requested discovery, the length of time between the conviction and the post-conviction proceeding, the burden of discovery on the State and on any witnesses, and the availability of the evidence through other sources." *People v. Johnson*, 205 Ill. 2d 381, 408, 793 N.E.2d 591, 608 (2002) (citing *Daley*, 123 Ill. 2d at 183-84, 625 N.E.2d at 135). We will only reverse a trial court's denial of a postconviction discovery request if the trial court abused its discretion. *Fair*, 193 Ill. 2d at 265, 738 N.E.2d at 504-05.

¶ 14 A trial court commits error when it refuses to exercise discretion based on the erroneous belief it does not have discretion. *People v. Queen*, 56 Ill. 2d 560, 565, 310 N.E.2d 166, 169 (1974); *People v. Autman*, 58 Ill. 2d 171, 176, 317 N.E.2d 570, 572 (1974). The State concedes the trial court erred in denying defendant's motion for discovery based on the erroneous belief it did not have discretion. The State also asserts the court did not abuse its discretion in denying defendant's discovery request because the request was merely a "fishing expedition." See *Johnson*, 205 Ill. 2d at 408, 793 N.E.2d at 608 ("A trial court does not abuse its discretion in denying a discovery request which ranges beyond the limited scope of a post-conviction proceeding and amounts to a 'fishing expedition.' "). The State cites *People v. Higgins*, 71 Ill. App. 3d 912, 927, 390 N.E.2d 340, 351 (1st Dist. 1979), *People v. Hemphill*, 62 Ill. App. 3d 977, 984, 379 N.E.2d 1284, 1290 (1st Dist. 1978), and *People v. Land*, 304 Ill. App. 3d 169, 174, 710 N.E.2d 471, 474 (4th Dist. 1999), for the proposition reversal is not warranted when the error is harmless.

¶ 15 In *Higgins*, the trial court mistakenly believed it lacked discretion to consolidate separately charged offenses for a single jury trial. *Higgins*, 71 Ill. App. 3d at 927, 390 N.E.2d at 351. While recognizing the trial court erred in refusing to exercise its discretion based on the erroneous belief it had no discretion, the First District Appellate Court found the error was harmless because "denying defendant's motion for consolidation was the 'only' proper conclusion that could have been reached" because there was "no thread of continuity between the three offenses and absolutely no indication that they were part of the same comprehensive transaction. [Citation.] Furthermore, considering their wide factual differences, it would have unduly confused the jury had the trial court consolidated these three separate indictments for a single jury trial." *Id.* at 927-28, 390 N.E.2d at 352. Unlike the result in *Higgins*, denial of defendant's discovery motion is not the "only proper conclusion that could have been reached" because the trial court could determine, after defendant makes an argument for good cause, discovery is appropriate.

¶ 16 In *Hemphill*, the defendant argued the trial court erroneously believed it lacked discretionary authority to allow the jury to review testimony of witnesses during deliberations, based on a statement it made to the jury informing them no transcripts of

-4-

witness testimony would be made available to them. *Hemphill*, 62 Ill. App. 3d at 983, 379 N.E.2d at 1289. However, the First District Appellate Court found no merit in defendant's argument because the court "did not state [it] could not allow the jury to review testimony during its deliberations but that 'there [would] be no transcript available for that purpose,' " thus recognizing it did have discretion to furnish a transcript but was making the jury aware it would not do so in that case. *Id.*, 379 N.E.2d at 1289-90. The court noted even if the trial judge abused his discretion, the error would be harmless due to the overwhelming evidence of defendant's guilt and the fact any error committed was not prejudicial. *Id.* at 984, 379 N.E.2d at 1290. Unlike *Hemphill*, however, the trial court here failed to recognize it had discretion to order discovery and defendant was denied an opportunity to argue good cause. Given his claim of ineffective assistance, we cannot say this error did not prejudice defendant.

¶ 17    In *Land*, the defendant argued the trial court erroneously imposed consecutive sentences under the belief it was required to do so, and thus the sentences were void. *Land*, 304 Ill. App. 3d at 173-74, 710 N.E.2d at 473-74. This court disagreed, finding "the trial court, within its discretion, *could have imposed* consecutive sentences *** had it believed such sentences were necessary to protect the public." (Emphasis in original.) *Id.* at 174, 710 N.E.2d at 474. This court further stated, "regardless of whether the court erroneously imposed mandatory consecutive sentences, it did not lack 'the inherent power to make or enter the particular order involved,' and the sentencing order here was not void." *Id.* Additionally, this court noted when the trial court sentenced defendant to consecutive sentences, it "stated that it would not impose extended prison terms on each conviction 'because of the severity of the statutory mandate for consecutive sentences' " and " 'I believe the legislature is appropriate in mandating this result.' " *Id.* at 171, 710 N.E.2d at 472. These statements support the conclusion the trial court would have imposed consecutive sentences even absent its erroneous belief such sentences were mandatory. Here, no record evidence supports a finding the court would have denied Pinkston's discovery request, *in toto*, had it exercised its discretion.

¶ 18    In this case, in September 2010 defendant filed a motion for discovery which contained numerous requests for various information and records. During a May 2011 hearing, the trial court denied defendant's discovery request, presumably without considering any of defendant's requests, based on the erroneous belief it did not have discretion to order discovery in postconviction proceedings. The State's argument seems to be if the court would have considered defendant's discovery request, the court would have denied it because (1) defendant was engaging in nothing more than a mere "fishing expedition" and (2) this would be the only logical conclusion the court could draw based on the *Daley* factors. However, the court did not rule on the merits and defendant was not given an opportunity to argue he had "good cause" for his request. Whether defendant's request was merely a "fishing expedition," or whether defendant can show "good cause" for his request is a determination best left to the trial court. See *People v. Harper*, 347 Ill. App. 3d 499, 503, 807 N.E.2d 1001, 1004 (1st Dist. 2004) ("The trial court judge is also in the best position to evaluate the merits of the defendant's motion."). Unlike *Higgins*, *Hemphill*, and *Land*, defendant is not seeking to have his convictions or sentences reversed but is asking for a limited remand to allow the trial

court to properly exercise its discretion on his discovery request. We cannot foresee whether the court would have allowed defendant's discovery request in whole or in part following an opportunity to argue good cause. We cannot determine whether the court's failure to exercise its discretion was harmless.

¶ 19                              III. CONCLUSION

¶ 20        We remand for the limited purpose of allowing the trial court to exercise its discretion on defendant's discovery request and for such further proceedings as may be warranted.

¶ 21        Cause remanded with directions.