# Illinois Official Reports

## Appellate Court

---

### *People v. Howery*, 2019 IL App (3d) 160603

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BERNON L. HOWERY, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0603 |
| Filed | March 21, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 89-CF-739; the Hon. James B. Kinzer, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Jim Rowe, State's Attorney, of Kankakee (Patrick Delfino, David J. Robinson, and Justin A. Nicolosi, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion.<br>Presiding Justice Schmidt and Justice Lytton concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant, Bernon L. Howery, appeals the denial of his *pro se* motion for leave to file a successive postconviction petition and motion for discovery. We affirm.

¶ 2                                         I. BACKGROUND

¶ 3     Defendant is currently serving a sentence of life imprisonment after a jury found him guilty of four counts of first degree murder (Ill. Rev. Stat. 1989, ch. 38, ¶ 9-1(a)(2)), four counts of felony murder (*id.* ¶ 9-1(a)(3)), and one count of aggravated arson (*id.* ¶ 20-1.1). The evidence presented at trial was exhaustively reviewed in defendant's direct appeal. *People v. Howery*, 178 Ill. 2d 1 (1997). For clarity, we will discuss only the facts relevant to the instant appeal.

¶ 4     On December 9, 1989, a fire occurred at the home of defendant's ex-girlfriend, Linda Walls. The fire killed Walls's four children (defendant was the father of three of the children).

¶ 5     At trial, the State presented expert witness John DeHann, a criminalist for the California Department of Justice Bureau of Forensic Services in Sacramento. *Id.* at 21. DeHann testified as to the cause and origin of the fire. *Id.* He investigated the scene of the fire shortly after the incident and explained that two separate fires occurred in the house. *Id.* One fire occurred in a pile of clothing in the basement, while the other fire occurred underneath the stairwell on the first floor of the house. *Id.* DeHann stated that the first-floor fire and the basement fire were two separate fires. *Id.* He ruled out accidental causes of the fires. *Id.* at 22. DeHann opined that the first-floor fire was deliberately started by a direct flame ignition due to the quick progression of the fire and the absence of an accidental basis for the fire. *Id.* DeHann further stated that the existence of two separate and unrelated fires in the home also led him to believe that the fires were deliberately started by someone. *Id.*

¶ 6     In defendant's case-in-chief, he presented his own expert witness, Charles Neuf. *Id.* at 25. Neuf, an expert in forensic science, investigated the crime scene approximately 11 months after the fire. *Id.* Neuf believed that the fires on the first floor and in the basement were related. *Id.* Disagreeing with DeHann, Neuf opined that the first-floor fire caused the fire in the basement. *Id.* Neuf did not have an opinion as to the cause of the fire on the first floor. *Id.*

¶ 7     While serving his sentence, defendant appealed his convictions and sentence and initiated several collateral proceedings, which are not relevant to this appeal. *People v. Howery*, No. 3-05-0674 (2007) (unpublished order under Illinois Supreme Court Rule 23); *People v. Howery*, 2011 IL App (3d) 090650-U. Relevant to this appeal is defendant's *pro se* motion for leave to file a successive postconviction petition. Defendant's motion alleged that new developments in the field of fire and arson forensic science constituted new evidence of his actual innocence. Defendant failed to bring this claim in his previous postconviction petition because the new developments in fire and arson forensic science did not exist at the time he filed his first postconviction petition. Defendant believed that the new developments demonstrated that the State's expert witness's opinion at trial was based on misleading and antiquated beliefs about fire technology.

¶ 8 Defendant attached a proposed *pro se* successive postconviction petition to his motion for leave.[1] The proposed successive petition repeated defendant's claim that new developments demonstrated that the expert testimony as to the cause of the fire was based on misleading and antiquated beliefs that were now proven unreliable. Defendant's *pro se* successive postconviction petition did not identify which portion of the State's forensic expert's testimony he believed was now unreliable. Defendant did not explain how fire science had changed or how those changes would have affected the outcome in his case. Defendant also did not explain how the changes in fire and arson technology demonstrated his innocence.

¶ 9 After review, the circuit court found that defendant's *pro se* motion for leave and the proposed successive postconviction petition failed to allege any prejudice. The court also found that defendant failed to allege that he was actually innocent. The court concluded that defendant's pleadings were nothing more than a request for a court-ordered fishing expedition. The court denied defendant leave to file his successive postconviction petition.

¶ 10 Next, defendant filed a motion to reconsider. The motion again argued that changes in fire science supported his actual innocence claim. Defendant then asserted that the State should be ordered to provide defendant with evidence regarding the new developments in fire science, including a copy of NFPA 921: Guide for Fire and Explosion Investigations (Nat. Fire Protection Ass'n 2017 ed.) (NFPA 921). Defendant also filed a free-standing motion for discovery, requesting a copy of NFPA 921.[2] Defendant asserted that he was unsuccessful in obtaining the discovery on his own. Defendant claimed that the publication was essential to his actual innocence claim. According to defendant, "NFPA 921's explanations of non-arson causes for multiple non-communicating fires can probably make sense of the two fires in the instant case, eliminating defendant as the arsonist, and proving defendant is an innocent man."

¶ 11 Ultimately, the circuit court denied defendant's motion to reconsider. The court also denied defendant's free-standing motion for discovery on the basis that defendant failed to provide any legal authority to support the motion.

¶ 12                                                    II. ANALYSIS

¶ 13 For clarity, we note that defendant frames his argument on appeal by claiming that the circuit court erred in denying his *pro se* motion for leave to file a successive postconviction petition *and* his free-standing motion for discovery. However, defendant does not ask this court to reverse the denial of his motion for leave to file a successive postconviction petition. Instead, defendant asks for the cause to be remanded "for the limited purpose of allowing the trial court to exercise its discretion on defendant's discovery request and for such further proceedings as may be warranted." While defendant condenses the court's rulings on each motion into a single argument, we discuss each motion (for leave to file a successive postconviction petition and for discovery) separately.

---

[1]Defendant raised other claims in his proposed successive postconviction petition. However, defendant does not make any argument that these claims have merit in this appeal. We will not address the points not argued by defendant on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Nov. 1, 2017).

[2]Defendant's motion to reconsider and motion for discovery also raised other issues which are not challenged on appeal. Therefore, we do not address those contentions. See Ill. S. Ct. R. 341(h)(7) (eff. Nov. 1, 2017).

¶ 14    First, defendant contends that the circuit court should have allowed him leave to file a successive postconviction petition because his allegations sufficiently alleged a colorable claim of actual innocence. Alternatively, defendant contends that his motion for leave to file a successive postconviction petition sufficiently alleged cause and prejudice. Specifically, defendant contends that developments in fire and arson forensic science after his trial call into question the reliability of the State's forensic expert's testimony as to the cause of the fire.

¶ 15    Initially, we note that defendant's entire argument on this issue is based on NFPA 921. That publication was not included in either defendant's motion for leave to file a successive postconviction petition or his proposed successive postconviction petition. In fact, defendant did not reference NFPA 921 at all in his argument. As he did not include this information in his proposed successive postconviction petition, it is not properly before this court. *People v. Anderson*, 375 Ill. App. 3d 121, 139 (2006) (appellate court cannot consider evidence "for the first time on appeal without it first being attached to defendant's postconviction petition for initial scrutiny and evaluation at the trial court level"). Based on the record before us, we find defendant's unsupported claim fails to meet either standard a defendant is required to meet to obtain leave to file a successive postconviction petition.

¶ 16    There are two ways a defendant may obtain leave of court to file a successive postconviction petition. First, a defendant must establish cause and prejudice for the failure to raise the claim earlier. *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002). Or, second, defendant must show actual innocence. *Id.* Under either standard, a defendant not only has the burden to obtain leave of court, but also "must submit enough in the way of documentation to allow a circuit court to make that determination." *People v. Tidwell*, 236 Ill. 2d 150, 161 (2010).

¶ 17    Here, defendant's claim failed to identify the evidence that he believed was unreliable, how fire and arson forensic science had changed since his trial, how the new developments affected the fairness of his trial, or how these developments demonstrated his innocence. Defendant's claim also lacked any documentary support. At best, defendant merely speculated that possible changes in fire and arson forensic science may have affected the outcome in his case. Defendant, therefore, failed to satisfy the cause and prejudice standard and the actual innocence standard. Thus, the circuit court did not err when it denied defendant's motion for leave to file a successive postconviction petition.

¶ 18    Having found that the court did not err when it denied defendant leave to file a successive postconviction petition, we turn to defendant's argument that the court erred in denying his freestanding motion for discovery. In the motion, defendant sought to obtain NFPA 921 (which defendant's appellate counsel has now obtained and discussed at length in his appellate brief), which he claimed was essential to his successive postconviction argument. Defendant contends that the court erred when it denied the motion for discovery based on defendant's failure to provide statutory authority allowing discovery. Therefore, defendant asks this court to remand the matter to exercise its discretion and rule on the motion. Because defendant filed his motion for discovery after the circuit court denied defendant leave to file a successive postconviction petition, we find the discovery request was untimely.

¶ 19    Both parties agree that the circuit court has inherent authority to order discovery in postconviction proceedings following a hearing for "good cause shown." *People ex rel. Daley v. Fitzgerald*, 123 Ill. 2d 175, 183 (1988); *People v. Fair*, 193 Ill. 2d 256, 264-65 (2000). For example, it is clear that postconviction discovery is allowed while a postconviction petition

remains pending. See *People v. Pinkston*, 2013 IL App (4th) 111147, ¶ 18. The instant case, however, is unique in that the request for discovery occurred after the circuit court denied defendant's motion for leave to file a successive postconviction petition. After an exhaustive review of the law, we were unable to find any published decision that addresses the unique procedural posture in this case. Nevertheless, under the present circumstances, we find that the court did not err when it denied defendant's discovery motion.

¶ 20    Once a motion for leave to file a successive postconviction petition is denied, a defendant can either file a motion to reconsider or challenge the denial on appeal. *People v. Blair*, 215 Ill. 2d 427, 451 (2005). A motion for discovery is neither. "The purpose of a motion to reconsider is to bring to the court's attention (1) newly discovered evidence that was not available at the time of the first hearing, (2) changes in the law, or (3) errors in the court's application of existing law." *People v. Teran*, 376 Ill. App. 3d 1, 4-5 (2007) (citing *Merchants Bank v. Roberts*, 292 Ill. App. 3d 925, 929 (1997)). Likewise, an appeal is meant to challenge matters addressed below, and a party is generally barred from raising new issues on appeal. See Ill. S. Ct. R. 615(a).

¶ 21    Here, defendant's belated request for discovery was procedurally improper. Defendant's motion sought to *obtain* evidence that he speculated *may* support his successive postconviction claims. Simply put, this is not the purpose of a motion to reconsider. Moreover, the information defendant requested was not newly discovered, as he was aware of the materials he sought at the time he filed his motion for leave to file a successive postconviction petition. See generally *People v. English*, 2014 IL App (1st) 102732-B, ¶ 49 (noting that evidence is not considered newly discovered "if it presents facts already known to the defendant, even if the source of those facts was unknown, unavailable or uncooperative"). Accordingly, we find no basis for the circuit court to consider defendant's motion for discovery.

¶ 22    Even if we were to find that the circuit court had discretion to rule on defendant's belated discovery motion, we find that remand is unnecessary in this case. Defendant's appellate counsel is in possession of NFPA 921, as he has thoroughly reviewed its contents in his appellate brief. Defendant's appellate counsel can provide defendant with this information. Should defendant choose to file a new motion for leave to file a successive postconviction petition, he can incorporate NFPA 921 into his pleadings.

¶ 23    In reaching our conclusion, we reject defendant's reliance on *Pinkston*, 2013 IL App (4th) 111147, for the proposition that this court should remand the matter for the limited purpose of allowing the court to consider the merits of his motion for discovery. In *Pinkston*, defendant filed a *pro se* postconviction petition. *Id.* ¶ 1. While the postconviction proceedings were still ongoing, defendant filed a motion for discovery seeking exculpatory evidence. *Id.* ¶ 6. The circuit court denied the motion for discovery based on its belief that postconviction discovery was not allowed. *Id.* ¶ 7. The appellate court disagreed, noting that the circuit court had the inherent authority to allow postconviction discovery. *Id.* ¶ 13. The appellate court also noted that the circuit court committed error by refusing to exercise its discretion due to the court's mistaken belief that it lacked such discretion. *Id.* ¶ 14. Therefore, the appellate court remanded the cause to allow the circuit court to exercise its discretion regarding defendant's motion for discovery. *Id.* ¶ 20.

¶ 24    Unlike the defendant in *Pinkston*, defendant here requested discovery after the circuit court denied his motion for leave to file a successive postconviction petition. This procedural distinction is significant. As noted above (*supra* ¶ 19), the proceedings in this case were

completed prior to the filing of the motion for discovery. Discovery at this stage of the proceedings would not affect the court's denial of defendant's request for leave to file a successive postconviction petition. Defendant in *Pinkston*, by contrast, filed his motion for discovery while his *pro se* postconviction petition remained pending. See 725 ILCS 5/122-5 (West 2016). In other words, the circuit court in *Pinkston* had not yet made a determination on defendant's postconviction petition.

¶ 25                                III. CONCLUSION

¶ 26        The judgment of the circuit court of Kankakee County is affirmed.

¶ 27        Affirmed.