# Illinois Official Reports

## Appellate Court

---

### *People v. Rowell*, 2020 IL App (4th) 190231

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRANDY M. ROWELL, Defendant-Appellant. |
| District & No. | Fourth District<br>No. 4-19-0231 |
| Filed | April 10, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Woodford County, No. 18-DT-43; the Hon. Charles M. Feeney III, Judge, presiding. |
| Judgment | Affirmed in part, vacated in part, and remanded with directions. |
| Counsel on Appeal | James E. Chadd, John M. McCarthy, and Sarah Inskeep, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Gregory Minger, State's Attorney, of Eureka (Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of counsel, and Leslie N. Martin, law school graduate), for the People. |
| Panel | JUSTICE TURNER delivered the judgment of the court, with opinion.<br>Justice Cavanagh concurred in the judgment and opinion.<br>Presiding Justice Steigmann dissented, with opinion. |

**OPINION**

¶ 1       In January 2019, defendant, Brandy M. Rowell, pleaded guilty to driving under the influence (DUI) in this case and endangering the life of a child in a companion case. In February 2019, the trial court sentenced defendant to 180 days in jail, 24 months of probation, 200 hours of public service work, and a $1000 fine pursuant to section 11-501(c)(3) of the Illinois Vehicle Code (625 ILCS 5/11-501(c)(3) (West 2018)). In March 2019, defendant filed a motion to reconsider her sentence. That same month, the trial court conducted a hearing on and denied the motion. The court stated section 11-501(c)(3) of the Vehicle Code provides, "if a person transports a child, a person under 16, in the vehicle at the time they are driving under the influence, they're subject to six months of imprisonment. They have to serve six months of imprisonment." However, the court added, "I wouldn't have sentenced the defendant to jail if I didn't think I had to."

¶ 2       Defendant appeals, arguing the trial court incorrectly interpreted section 11-501(c)(3) of the Vehicle Code to require her to serve 180 days in jail. Defendant contends, *inter alia*, the statute's reference to a 180-day sentence is permissive, not mandatory. In the alternative, defendant argues the statute is ambiguous as to the 180-day sentence in section 11-501(c)(3). We affirm the finding of guilt but vacate defendant's sentence and remand this case for a new sentencing hearing.

¶ 3                                         I. BACKGROUND

¶ 4       In July 2018, the State charged defendant with driving while having a blood alcohol concentration (BAC) in excess of 0.08 (625 ILCS 5/11-501(a)(1) (West 2018)), driving under the influence (DUI) (625 ILCS 5/11-501(a)(2)(West 2018)), and endangering the life or health of a child (720 ILCS 5/12C-5 (West 2018)) in a companion case.

¶ 5       In November 2018, defendant appeared in court and waived her right to a jury trial on all charges. Prior to accepting her jury waiver, the trial court admonished defendant the DUI was a Class A misdemeanor, punishable by up to 364 days in jail and a maximum fine of $2500.

¶ 6       In January 2019, defendant entered a plea of guilty to DUI and endangering the life of a child in the companion case. Before doing so, the trial court again informed her the DUI charge was a Class A misdemeanor, punishable by up to 364 days in jail and a maximum fine of $2500. The court further admonished defendant in accordance with Illinois Supreme Court Rule 402 (eff. July 1, 2012) of the various rights she was giving up by pleading guilty.

¶ 7       The State presented the following factual basis for the charge: (1) defendant was behind the wheel of a vehicle on the side of the road, (2) she had a two-year-old child unrestrained on her lap, (3) she submitted to and failed standardized field sobriety tests, and (4) she submitted to a breathalyzer test, which showed her BAC was 0.205. The trial court did not admonish defendant her plea of guilty to the aforementioned DUI charge included a mandatory sentence of at least six months' imprisonment. The court accepted defendant's guilty plea and ordered a presentence investigation.

¶ 8       At defendant's February 2019 sentencing hearing, the trial court considered the presentence investigation report. The only evidence presented by the State was a stipulation defendant's BAC at the time of the offense was 0.205.

¶ 9     Defendant submitted six character letters and also called Amanda Sluga, a Department of Children and Family Services (DCFS) caseworker, who testified she believed defendant would comply with any conditions of court supervision the trial court ordered. Defendant testified on her own behalf, but the bystander's report does not summarize her testimony.

¶ 10    The State argued defendant should be placed on probation. The State made no recommendation for jail time. Defendant asked for court supervision. The trial court sentenced defendant to 24 months' probation, 180 days in jail, 200 hours of public service work, and a $1000 fine. The court explained it believed it was required to impose a sentence of six months' imprisonment because of section 501(c)(3)'s language, "subject to 6 months of imprisonment." The court delayed the sentencing order for 60 days to provide defendant time to file a motion to reconsider sentence and to research the issue.

¶ 11    In March 2019, defendant filed a motion to reconsider sentence. In her motion, defendant disputed the trial court's conclusion section 501(c)(3) required a minimum six-month sentence in this case. At a hearing later that month, the court denied defendant's motion but stated it "would not have sentenced her to jail" absent the statutory requirement. The court stayed the sentencing order until May 1, 2020, to afford defendant an opportunity to appeal before serving her sentence.

¶ 12    This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14    Defendant appeals, arguing the trial court erred by finding section 11-501(c)(3) of the Vehicle Code (625 ILCS 5/11-501(c)(3) (West 2018)) required her to serve a minimum of 180 days' imprisonment. Defendant argues the plain language of the statute is permissive rather than mandatory, noting section 11-501(c)(3) lacks words like "mandatory" or "shall" with regard to the six months of imprisonment, which are included elsewhere in section 11-501. In the alternative, defendant argues the statute is ambiguous and the rule of lenity should govern the outcome. Because this case involves a question of statutory interpretation, our review is *de novo. People v. Witherspoon*, 2019 IL 123092, ¶ 20, 129 N.E.3d 1208.

¶ 15    At issue in this case is section 11-501(c)(3) of the Vehicle Code (625 ILCS 5/11-501(c)(3) (West 2018)), which states: "A person who violates subsection (a) is subject to 6 months of imprisonment, an additional mandatory minimum fine of $1,000, and 25 days of community service in a program benefiting children if the person was transporting a person under the age of 16 at the time of the violation." The question we must answer is whether the legislature intended section 11-501(c)(3) to require a trial court to impose a minimum of six months' imprisonment as part of defendant's sentence.

¶ 16    The best way to determine the legislature's intent is to give the statutory language its plain and ordinary meaning. *Witherspoon*, 2019 IL 123092, ¶ 21. Where statutory language is clear and unambiguous, courts should apply the statute as written. *People v. Eppinger*, 2013 IL 114121, ¶ 21, 984 N.E.2d 475. When trying to determine legislative intent, a statute should not be viewed "in isolation but [rather] as a whole, construing words and phrases in light of other relevant statutory provisions." (Internal quotation marks omitted.) *In re Marriage of Kasprzyk*, 2019 IL App (4th) 170838, ¶ 27, 128 N.E.3d 1105. Further, statutes should be read as a whole and construed so no part of the text is rendered meaningless or superfluous. *People v. Lloyd*, 2013 IL 113510, ¶ 25, 987 N.E.2d 386.

¶ 17    When the language of a statutory provision is susceptible to more than one reasonable interpretation the court may look to additional sources to determine legislative intent. *People ex rel. Department of Professional Regulation v. Manos*, 202 Ill. 2d 563, 571, 782 N.E.2d 237, 242 (2002). "Such sources include the maxim of *in pari materia*, under which two statutes, or two parts of one statute, concerning the same subject must be considered together in order to produce a 'harmonious whole.' " *People v. Rinehart*, 2012 IL 111719, ¶ 26, 962 N.E.2d 444 (quoting *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 555, 591 N.E.2d 427, 429 (1992)). Moreover, "[w]ords and phrases should be construed, not in isolation, but in light of other relevant provisions." *Rinehart*, 2012 IL 111719, ¶ 26 (citing *People v. Beachem*, 229 Ill. 2d 237, 243, 800 N.E.2d 515, 519 (2008)).

¶ 18    In this case, both parties turn to the dictionary as an aid to resolve the meaning of the word "subject" as it pertains to the phrase "subject to." We note this phrase is not defined in the statute. "When a statutory term is undefined we assume the legislature intended the word to have its ordinary and popularly understood meaning and that we may ascertain this meaning through the use of contemporary dictionaries." *Witherspoon*, 2019 IL 123092, ¶ 21. In our view, the various definitions cited by the parties could support either an interpretation the 6 months of imprisonment is mandatory *or* permissive. For example, Black's Law Dictionary defines "subject," in relevant part, as follows:

> "2. Exposed, liable, or prone <a climate subject to extreme temperatures>. 3. Dependent on or exposed to (some contingency); esp., being under discretionary authority <funding is subject to the board's approval>." Black's Law Dictionary (11th ed. 2019).

The Merriam-Webster Online Dictionary defines "subject to" as follows: (1) "affected by or possibly affected by (something)," (2) "likely to do, have, or suffer from (something)," and (3) "dependent on something else to happen or be true." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/subject%20to (last visited Apr. 6, 2020) [https://perma.cc/WX35-DVL2]. Although not argued by defendant, we note the dictionary definitions also support an interpretation the offender is subject to a *maximum* of six months of imprisonment.

¶ 19    Defendant next argues neither the term "mandatory" nor "shall" is used in conjunction with the language "subject to 6 months of imprisonment," in section 11-501(c)(3) of the Vehicle Code (625 ILCS 5/11-501(c)(3) (West 2018)), whereas "mandatory" and/or "shall" are employed by the legislature in other subsections when a penalty is required. We note the legislature even used the word "mandatory" in section 11-501(c)(3) with regard to a minimum fine of $1000.

¶ 20    According to defendant, the inclusion of the terms "mandatory" and "shall" in other statutory subsections would be superfluous if they are unnecessary to convey what penalties are required. According to our supreme court, "[w]hen the legislature uses certain language in one part of a statute and different language in another, we may assume different meanings were intended." *People v. Hudson*, 228 Ill. 2d 181, 193, 886 N.E.2d 964, 972 (2008).

¶ 21    The State counters defendant already faced the possibility of being sentenced to 364 days in jail, for a Class A misdemeanor conviction. Thus, the phrase "is subject to 6 months of imprisonment" would be entirely superfluous unless it is interpreted to require 6 months of incarceration. While this argument has appeal, we are reluctant to insert the word "mandatory" into the statute where it does not exist.

¶ 22     As noted earlier, section 11-501(c)(3) *does* specifically state a $1000 fine is mandatory, but it does *not* specifically state a six-month term of imprisonment is mandatory. Moreover, subsections surrounding section 11-501(c)(3) use the term "mandatory" in referring to fines, minimum days of imprisonment, and hours of community service that must be imposed. For example, section 11-501(c)(2) provides a second-time offender "shall be sentenced to a mandatory minimum term of either 5 days of imprisonment or 240 hours of community service." 625 ILCS 5/11-501(c)(2) (West 2018). Additionally, section 11-501(c)(4) provides an offender having a blood alcohol concentration of 0.16 or more shall be subject to "a mandatory minimum of 100 hours of community service and a mandatory minimum fine." 625 ILCS 5/11-501(c)(4) (West 2018). Similarly, section 11-501(c)(5) provides for "a mandatory minimum of 2 days of imprisonment and a mandatory minimum fine" for certain second-time offenders. 625 ILCS 5/11-501(c)(5) (West 2018). Thus, it is readily apparent the legislature has demonstrated its ability to express when penalties are mandatory, including mandatory minimum sentences of imprisonment.

¶ 23     Because section 11-501(c)(3) of the Vehicle Code (625 ILCS 5/11-501(c)(3) (West 2018)) remains ambiguous after considering the ordinarily understood meaning of its language and after looking to additional sources, we may also consider a statute's legislative history and debates as important aids to determine legislative intent. See *Krohe v. City of Bloomington*, 204 Ill. 2d 392, 398, 789 N.E.2d 1211, 1214 (2003). However, the supreme court has also cautioned against the pitfalls of relying upon "a snippet" of legislative debates. *People v. Falbe*, 189 Ill. 2d 635, 646, 727 N.E.2d 200, 207 (2000).

¶ 24     The State maintains the legislative history of the statute supports its interpretation. According to the State, Public Act 94-110 (eff. Jan. 1, 2006) was the genesis for legislating into law a six-month mandatory minimum sentence for offenders like defendant. The State argues the bill's sponsor, during floor debate in the House of Representatives, clarified the legislation was intended to mandate a minimum six-month period of incarceration due to the seriousness of the offense.

¶ 25     Public Act 94-110 amended section 11-501 of the Vehicle Code, as it pertains to this appeal, to read as follows:

    "(c-5) Except as provided in subsection (c-5.1), a person 21 years of age or older who violates subsection (a), if the person was transporting a person under the age of 16 at the time of the violation, is subject to 6 months of imprisonment, an additional mandatory minimum fine of $1,000, and 25 days of community service in a program benefiting children. The imprisonment or assignment of community service under this subsection (c-5) is not subject to suspension, nor is the person eligible for a reduced sentence.

    (c-5.1) A person 21 years of age or older who is convicted of violating subsection (a) of this Section a first time and who in committing that violation was involved in a motor vehicle accident that resulted in bodily harm to the child under the age of 16 being transported by the person, if the violation was the proximate cause of the injury, is guilty of a Class 4 felony and is subject to one year of imprisonment, a mandatory fine of $2,500, and 25 days of community service in a program benefiting children. The imprisonment or assignment to community service under this subsection (c-5.1) shall not be subject to suspension, nor shall the person be eligible for probation in order to

reduce the sentence or assignment." Pub. Act 94-110 (eff. Jan. 1, 2006) (amending 625 ILCS 5/11-501(c-5), (c-5.1))

¶ 26    Section 11-501(c-5) of the Vehicle Code (625 ILCS 5/11-501(c-5) (West 2006)) as amended by Public Act 94-110 (eff. Jan. 1, 2006) is now codified in section 11-501(c)(3) of the Vehicle Code (625 ILCS 5/11-501(c)(3) (West 2018)). However, section 11-501(c)(3) now applies to all offenders, not just those 21 years of age or over. We also note the legislature has made many additional amendments to section 501 of the Vehicle Code since the passage of Public Act 94-110 (eff. Jan. 1, 2006). Thus, we question whether statements made during legislative proceedings pertaining to Public Act 94-110 have any meaningful value in interpreting the version of section 11-501(c)(3) in effect in 2018. Further, we also note individuals currently convicted of more serious offenses are not required to serve mandatory periods of imprisonment. Pursuant to section 11-501(d)(1)(J) and section 11-501(d)(2)(A) of the Vehicle Code (625 ILCS 5/11-501(d)(1)(J), (d)(2)(A) (West 2018)), an offender who is involved in an accident that results in bodily harm—but not great bodily harm—to a child under the age of 16 being transported by the offender commits aggravated driving under the influence, a Class 4 felony. However, pursuant to section 11-501(d)(2)(H) of the Vehicle Code (625 ILCS 5/11-501(d)(2)(H) (West 2018)), the offender—although subject to a mandatory fine and community service—is not required to serve a period of imprisonment.

¶ 27    Thus, under the State's interpretation of "subject to" as used in section 11-501(c)(3) of the Vehicle Code (625 ILCS 5/11-501(c)(3) (West 2018)), an offender who merely transports a child under 16 years of age must serve a mandatory period of incarceration. However, an offender who transports a minor under 16 years of age and whose conduct proximately causes injury to the minor would be guilty of a Class 4 felony but not mandated to serve any period of incarceration. Further, an individual who commits a second violation of section 11-501(a) while transporting a person under the age of 16 is guilty of aggravated driving under the influence, which is a Class 2 felony (625 ILCS 5/11-501(d)(1)(K), (d)(2)(I) (West 2018)), is not required to serve a mandatory minimum sentence of imprisonment. This remains true even if the child under 16 suffered bodily harm—but not great bodily harm—proximately caused by the violation. See 625 ILCS 5/11-501(d)(2)(I) (West 2018). When section 11-501 of the Vehicle Code is read as a whole, the State's argument section 11-501(c)(3) requires a mandatory minimum six-month sentence is questionable.

¶ 28    In analyzing section 11-501(c)(3) of the Vehicle Code, we have consulted both legal and standard dictionaries and reviewed the various definitions in an effort to determine the meaning of the language at issue in this case. We have also considered the normal verbiage employed by the legislature when mandating a penalty. Further, this court has sought to avoid an interpretation resulting in superfluous language. Finally, we have considered section 11-501 as a whole, noting the legislature did not require individuals convicted of more serious offenses involving the transportation of minors under the age of 16 to serve a mandatory period of imprisonment. Having done so, we seriously question whether the legislature intended to punish an individual convicted pursuant to section 11-501(c)(3) with a mandatory period of imprisonment.

¶ 29    Because the phrase "subject to 6 months of imprisonment" in section 11-501(c)(3) of the Vehicle Code (625 ILCS 5/11-501(c)(3) (West 2018)) is ambiguous, we agree with defendant that the rule of lenity applies in this case. The rule of lenity is defined as follows: "The judicial doctrine holding that a court, in construing an ambiguous criminal statute that sets out multiple

or inconsistent punishments, should resolve the ambiguity in favor of the more lenient punishment." Black's Law Dictionary (11th ed. 2019). Our supreme court has stated, "[u]nder the rule of lenity, we adopt the more lenient interpretation of a criminal statute when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute." (Internal quotation marks omitted.) *People v. Gaytan*, 2015 IL 116223, ¶ 39, 32 N.E.3d 641. As a result, section 11-501(c)(3) should not be construed to impose a mandatory minimum period of 6 months' imprisonment. Because the trial court believed it was statutorily required to sentence defendant to 6 months of incarceration, it erred by failing to exercise its discretion in sentencing defendant. See *People v. Pinkston*, 2013 IL App (4th) 111147, ¶ 14, 989 N.E.2d 298 (noting a trial court errs when it fails to exercise discretion based on an incorrect belief it does not have discretion). Thus, we vacate defendant's sentence and remand this case for a new sentencing hearing.

¶ 30                                    III. CONCLUSION

¶ 31        For the reasons stated, we affirm the finding of guilt but vacate defendant's sentence and remand this case for a new sentencing hearing consistent with this opinion.

¶ 32        Affirmed in part, vacated in part, and remanded with directions.

¶ 33        PRESIDING JUSTICE STEIGMANN, dissenting:

¶ 34        Like my distinguished colleagues in the majority, I am troubled not only by the imprecise language the legislature used in section 11-501(c)(3) of the Vehicle Code but also by the wisdom of the policy that section reflects—namely, that section 11-501(c)(3) imposes a mandatory 180 days in jail based upon a defendant's DUI conviction if she was transporting a person under the age of 16 at the time of her violation. However, the wisdom (or lack thereof) of statutes is not a subject with which this court may be legitimately concerned. And our disagreement with a statute is certainly no basis to decline to enforce it.

¶ 35        So, the real question before us is to determine as best we can whether the legislature really meant to impose such a penalty. After carefully considering this statute, I conclude that it did; accordingly, I respectfully dissent.

¶ 36        Because the majority does a good job discussing the law applicable to statutory interpretation, I need not repeat that discussion. Instead, I will discuss the reasons for my disagreement with the majority.

¶ 37        In this case, we are tasked with giving effect to the legislature's intent. In doing so, this court must weigh several considerations, including (1) the plain language of the statute, (2) the lack of the normal terminology that the legislature uses to denote required minimum imprisonment, (3) various interpretations that might render particular portions of the statute superfluous, and (4) the existence of other statutes that increase the minimum penalty of incarceration but still allow for probation.

¶ 38                                    A. Plain Language

¶ 39        Some cases can be resolved simply by looking at the plain language. Unfortunately, this is not one of them because "subject to" is not explicitly defined in the statute. 625 ILCS 5/11-500 (West 2018).

¶ 40      I agree with the majority that, contextually, "subject" can have different meanings and different dictionary definitions might lead to different results. A political speech that is subject to misinterpretation is not one that is always misinterpreted. Meanwhile, a corporation that is subject to the laws of Delaware is always under the jurisdiction of those laws. In the context of the statute at issue, "is subject to" is not sufficiently clarified by its context to make its meaning clear. So, other methods of statutory interpretation must be used.

¶ 41                                 B. The Terminology

¶ 42      When analyzing legislative intent based upon the terminology used by the legislature in this statute, we face two competing considerations. First, the legislature did not use language like "must" or "mandatory" or "shall" as it often does when describing mandatory imprisonment. See, *e.g.*, 630 ILCS 5/11-501(c)(5) (West 2018) (is "subject to *** a mandatory minimum"). Second, it seems nonsensical that the legislature would include language about six months of imprisonment at all if it simply meant to repeat a possible penalty that already may be imposed upon all Class A misdemeanants. Accordingly, I conclude that the legislature simply used a different word than one it would normally use in order to require a mandatory sentence of 180 days, and I disagree with the idea that the legislature intended to merely reiterate the possible penalty of 6 months in jail for no apparent reason other than to remind courts of a possible penalty.

¶ 43                        C. Avoiding Superfluous Interpretations

¶ 44      No matter how one interprets the statute, portions of it are inevitably rendered superfluous. As defendant notes, if "subject to" means that the imprisonment is mandatory, then using the term "mandatory" elsewhere in the statute would be superfluous. See *id.* However, if "subject to" does *not* mean that the imprisonment is mandatory, then mentioning the possibility of a six-month sentence would be entirely superfluous because, as noted earlier, all Class A misdemeanors carry that possible penalty—and more. Applying the rule to avoid interpretations that render the legislature's language superfluous favors the interpretation that "subject to" is mandatory.

¶ 45             D. Special Sentencing Ranges That Permit Probation

¶ 46      There are many crimes for which the legislature has seen fit to assign a special sentencing range. These crimes often carry a harsher penalty than would otherwise apply. Most of the crimes with harsher penalties do not permit probation as an alternative to imprisonment, but some do.

¶ 47      For example, aggravated DUI causing great bodily harm is a Class 4 felony, but unlike other felonies of that Class, it carries a possible penalty of 1 to 12 years in prison, instead of 1 to 3 years. 625 ILCS 5/11-501(d)(2)(F) (West 2016). However, probation remains as an alternative to imprisonment, despite the increased penalty. *Id.* The statute says "if sentenced to a term of imprisonment" before describing the sentencing range, indicating that options other than prison remain. *Id.*

¶ 48      Another crime with a special sentencing range is reckless homicide in a construction zone causing the deaths of two or more people. 720 ILCS 5/9-3(e-8) (West 2018). It is a Class 2

felony, but unlike other felonies of that Class, it carries a possible penalty of between 6 and 28 years, instead of 3 to 7 years, again, "if sentenced to a term of imprisonment." *Id.*

¶ 49 These statutes demonstrate that, when the legislature creates a special sentencing range in which probation is an option, the legislature commonly uses the phrase "if sentenced to a term of imprisonment" in order to leave the option of a nonprison sentence available.

¶ 50 Unlike the above crimes, which expressly say "if sentenced to a term of imprisonment" before stating the special sentencing range, the statute at issue in this case provides no such qualification. It makes no mention of the possibility of a sentence involving no imprisonment. This omission indicates that section 11-501(c)(3) does not contemplate probation or other community-based sentences.

¶ 51 E. Conclusion

¶ 52 The legislature's use of language that is uncommon or imperfect does not authorize this court to substitute its judgment for that of the legislature notwithstanding any concerns we may have regarding the policy underlying the statute in question. I conclude that (1) the legislature intended to create a greater-than-normal penalty for DUI with a young person in the vehicle and (2) the interpretation that "is subject to" creates a mandatory imprisonment for 180 days for the offense is consistent with the legislature's intent. Accordingly, because I conclude that section 11-501(c)(3) requires a sentence of six months' imprisonment, I respectfully dissent.